United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Yasmin Lopez Estupinan, as next friend of DAMIAN FERRER RIVERA, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-2382 |
| | § | |
| vs. | § § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER**

Yasmin Lopez Estupinan filed this immigration habeas petition under 28 U.S.C. § 2241 as next friend on behalf of an immigration detainee, Damian Ferrer Rivera. Damian Ferrer Rivera is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. The court must consider whether it has jurisdiction to hear this case because it is not clear that Yasmin Lopez Estupinan satisfies the requirements to represent Damian Ferrer Rivera.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codified the "next friend" doctrine that allowed individuals to file habeas petitions on behalf of someone else in certain circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990). But those circumstances are limited, and "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To qualify for "next friend" status, the filer first "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party

in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has some "some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

The petition before the court has not satisfied that burden. Yasmin Lopez Estupinan has not sufficiently explained her relationship to Damian Ferrer Rivera, nor does she explain why Damian Ferrer Rivera cannot file this petition himself.

Accordingly, the court **orders** as follows:

1.      If Yasmin Lopez Estupinan seeks to pursue this action on Damian Ferrer Rivera's behalf, she must file a motion to proceed as next friend for Damian Ferrer Rivera **by April 27, 2026**, that shows she meets the next-friend criteria set forth above.

2.      Alternatively, Damian Ferrer Rivera may prosecute this action on his own by filing an amended petition under his own signature **by April 27, 2026**. If Damian Ferrer Rivera does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Failure to comply fully as directed within the time allowed may result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.

The Clerk of Court will send both Yasmin Lopez Estupinan and Damian Ferrer Rivera a copy of this Order.

SIGNED on March 26, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2